**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
   **JUDGE**

July 20, 2005

**LETTER OPINION**

<u>**VIA REGULAR MAIL**</u>

Jan Alan Brody, Esq.
Melissa E. Flax, Esq.
Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, PC
5 Becker Farm Road
Roseland, NJ 07068

Ronald A. DiNicola, Esq.
Douglas W. Bordewieck, Esq.
Mitchell Silberberg & Knupp LLP
11377 West Olympic Blvd.
Los Angeles, CA 90064
   *(Attorneys for Plaintiff Wladimir Klitschko)*

Linda P. Torres, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry St.
Newark, NJ 07102
   *(Attorney for Defendant International Boxing Federation, Inc.)*

David A. Picon, Esq.
John H. Gross, Esq.
Proskaeur Rose LLP
One Newark Center
Newark, NJ 07102
   *(Attorneys for Defendant DaVarryl Williamson)*

   Re:   Klitschko v. International Boxing Federation, Inc., et al.
         Docket No.: 05-CV-2578 (WJM)

Dear Counsel:

   This matter comes before the Court on Plaintiff Wladimir Klitschko's' appeal of Magistrate Judge Ronald J. Hedges' June 20, 2005 order (issued from the bench) granting

Plaintiff's motion for expedited discovery in aid of his then pending application for preliminary injunctive relief. (*See* Minutes of Proceeding dated June 20, 2005.) The bench Order was later memorialized in a written Order dated June 27, 2005. Although there is no dispute that Defendants complied, as directed by Judge Hedges, with the bench Order on or before June 21, 2005 and although Plaintiff did not raise any objections to bench Order during the June 22 and 30, 2005 hearings before this Court on his pending application for preliminary injunctive relief, Plaintiff now complains that the bench Order was too restrictive. There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's appeal is **DENIED**.

The Court notes first that Plaintiff's appeal is untimely. The Local Civil Rules provide, in relevant part, that "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 10 days after the party has been served with a copy of the Magistrate Judge's order . . . ." L. Civ. R. 72.1(c)(1)(A); *see also* Fed. R. Civ. P. 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."). Thus, Plaintiff's appeal of the June 20, 2005 bench Order became untimely after July 5, 2004. Although Plaintiff purports to appeal the Order dated June 27, 2005 memorializing Judge Hedges' June 20, 2005 bench Order, there can be no dispute that the Order they appeal from was in fact issued on June 20th and complied with on or before June 21st. Indeed, the Order dated **June 27, 2005** states that Defendants were required to deliver the documents identified in the Order by **June 21, 2005**. This was done, and Plaintiffs had an opportunity to bring any discovery objections to the Court's attention at the June 22 and 30, 2005 hearings on his pending application for preliminary injunctive relief *but did not*.

Even if the Court were to entertain Plaintiff's appeal, the Court would not find that Judge Hedges abused his discretion or committed any error of law. As noted in the Court's Opinion denying Plaintiff's application for preliminary injunctive relief, Plaintiff's action is predicated on the allegation that the International Boxing Federation ("IBF"), in moving DaVarryl Williamson ahead of Klitschko in its May 29, 2005 rankings, disregarded its own ratings criteria as a result of improper influence from Don King Promotions. Accordingly, Judge Hedges required Defendants to produce by June 21, 2005 any documents evidencing:

- All communications between Don King or any employee or officer of Don King Promotions and IBF ratings chairman Daryl Peoples relating to the rankings of Klitschko, Williamson and the boxer Derrick Jefferson;

- Any memoranda, notes, or documents relating to the manner in which the IBF made its determination to rank Williamson and Klitschko in the May 2005 rankings, including any formula used to make this determination; and

- The minutes of the ratings committee for the May 2005 ratings and any communications to or from any officer or ratings committee member of the IBF regarding the ratings of Williamson and Klitschko in May 2005.

Despite being granted this discovery, Plaintiff now argues that Judges Hedges abused his discretion or committed legal error by failing to order, in addition to the production of these

documents, the production of another eighteen irrelevant and/or overbroad categories of documents concerning, among other things, the rankings of boxers having nothing to do with this dispute, the IBF's gross income, and notifications regarding past champions' mandatory defense obligations.[1]  Plaintiff's overbroad discovery request is, however, the very type of applications that Court regularly deny.  *See Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 730–31 (S.D.N.Y. 1996) (denying expedited discovery which was a "broadside not reasonably tailored to the time constraints under which both parties must proceed or the specific issues that will be determined at the preliminary injunction hearing").  It certainly cannot be said that Judge Hedges abused his discretion or committed legal error by granting discovery more appropriately limited to documents relevant to Plaintiff's then pending application for preliminary injunctive relief.  *See Nat'l Gateway Telecom, Inc. v. Aldridge*, 701 F. Supp. 1104, 1119 (D.N.J. 1988) ("United States Magistrates have broad discretion when deciding discovery motions.  Their determinations may be overturned only if there is an abuse of discretion or legal error." ), *aff'd without opinion*, 879 F.2d 858 (3d Cir. 1989).

       For the foregoing reasons, the Court denies Plaintiff's appeal of Magistrate Judge Ronald J. Hedges' June 20, 2005 bench Order granting Plaintiff's motion for expedited discovery.

       An appropriate Order accompanies this Letter Opinion.

                                        s/ William J. Martini
                                        **William J. Martini, U.S.D.J.**

cc:     The Honorable Ronald J. Hedges, U.S.M.J.

---

[1]     Specifically, Plaintiff requested but did not receive the following additional discovery: (a) Documents sufficient to establish the ratings of the top fifteen (15) boxers rated by the IBF in all divisions for each month; (b) Copies of the disclosures required by 15 U.S.C. section 6307c(c)(1) and (2) of the Muhammad Ali Act, for each month; (c–m) All documents and/or communications between the IBF and any person regarding Wladimir Klitschko, DaVarryl Williamson, Derrick Jefferson, Chris Byrd, Andrew Golota, Jameel McCline, Larry Donald, Keith Holmes, Roman Karmizan, Luis Alberto Perez, and Luis Bolano; (n) Documents sufficient to establish the amount of any payments made by Don King ("King") and/or Don King Promotions, Inc. ("DKP") to the IBF regarding King and/or DKP promoted fights; (o) Documents sufficient to establish the amount of any payments made by King and/or DKP promoted boxers to the IBF; (p) Documents sufficient to establish the gross income of the IBF for the years 2003 and 2004; (q) All documents constituting notification to an IBF champion of his obligation to make a mandatory defense; and (r) All documents regarding oral conversations concerning the rating of the boxers listed in items (c) through (m).